UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS J. ARROYO,

                            Petitioner,

      -vs-

STEVEN RACETTE, Superintendent,

                            Respondent.

**No. 6:15-CV-06177 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Carlos J. Arroyo ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered April 15, 2010, in New York State Supreme Court, Erie County (Boller, J.), following a jury verdict convicting him of one count each of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(3)) and reckless endangerment in the first degree (N.Y. Penal Law § 120.25).

## II. Factual Background and Procedural History

By indictment of an Erie County grand jury, petitioner was charged with criminal possession of a weapon in the second degree and reckless endangerment in the first degree. In March 2011, he was tried by a jury. Evidence at trial established that on May 5, 2010, Osvaldo Torres, who was driving his car in the city of Buffalo, saw a distinctive gold Mazda RX-7 which Torres believed belonged to his brother-in-law, Daniel Lagares. Torres called Lagares, who confirmed that he was not driving the car. Torres

followed the Mazda, which eventually stopped on a lawn. Torres recognized petitioner, who was wearing a red hat and was the sole occupant of the vehicle, in the driver's seat of the vehicle. After Torres had stopped, petitioner pointed a handgun at him. Torres heard five to six gunshots and saw sparks discharge from the barrel of the gun. A bystander corroborated Torres' testimony that petitioner fired the handgun, and an investigating police officer confirmed that she located the Mazda and observed petitioner wearing a red hat.

Buffalo police stopped the Mazda, ordered petitioner from the vehicle, found three shell casings in different areas of the car. Petitioner, after waiving his Miranda rights, see Miranda v. Arizona, 384 U.S. 436 (1966), signed a written statement that he had purchased the Mazda at 9:00 p.m. that day from a man named Danny. Police showed petitioner a photo of Daniel Lagares, Sr. ("Lagares, Sr."), and petitioner stated that this person had sold him the Mazda. However, the People proved through testimony of jail personnel that Lagares, Sr. was in fact incarcerated on the date of petitioner's crime.

Petitioner was convicted as charged and sentenced to a term of twelve years imprisonment with three years of post-release supervision on the first count, and an indeterminate term of three and a half to seven years on the second count, both sentences to run concurrently. Petitioner filed a counseled direct appeal to the

New York State Supreme Court, Appellate Division, Fourth Department, in which he raised the same issues he raises in the instant petition. On November 8, 2013, the Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Arroyo, 111 A.D.3d 1299 (4th Dep't 2013), lv. denied, 23 N.Y.3d 960.

The instant petition alleges six grounds, arguing that (1) petitioner's conviction was based on legally insufficient evidence and was against the weight of the evidence; (2) the trial court erred in allowing petitioner's statement into evidence because the notice pursuant to New York Criminal Procedure Law ("CPL") § 710.30 notice was defective; (3) the trial court erred in refusing petitioner's request for a missing witness charge; and (4) trial counsel was ineffective.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.    Sufficiency/Weight of the Evidence (Grounds One and Two)**

Petitioner contends that the verdict as to both counts was based on legally insufficient evidence and was against the weight of the evidence. Initially, petitioner's argument regarding weight of the evidence is not cognizable on habeas review. See Mobley v. Kirkpatrick, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas proceeding.") (citing, inter alia, Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), aff'd, 263 U.S. 255 (1923)).

On appeal, the Fourth Department found that petitioner's trial counsel had not preserved a challenge to the sufficiency of the evidence "[b]y making only a general motion for a trial order of dismissal." Arroyo, 111 A.D.3d at 1299. This finding by the Fourth Department constitutes an adequate and independent state law ground and petitioner's argument is therefore procedurally barred. See Anderson v. Griffen, 2012 WL 5227297, *2 (W.D.N.Y. Oct. 22, 2012)

(citing Baker v. Kirkpatrick, 768 F. Supp. 2d 493, 500 (W.D.N.Y. 2011) (holding that Appellate Division's dismissal of insufficiency-of-the-evidence claim as unpreserved was an adequate and independent state ground); Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999) (recognizing that New York has a well-established preservation rule that is regularly followed in a number of contexts)).

### B.  Alleged Error in CPL § 710.30 Notice (Ground Three)

Petitioner argues that the notice pursuant to CPL § 710.30 was defective. As noted above, petitioner signed a written statement that he had purchased the Mazda at 9:00 p.m. on the day of the crime from a man named Danny. Police showed petitioner a photo of Lagares, Sr., and petitioner stated that this person had sold him the Mazda. However, Lagares, Sr. had been incarcerated during the relevant timeframe. The prosecutor served defense counsel with a pretrial § 710.30 notice, which informed counsel that the People intended to use petitioner's statement at trial. At trial, the People introduced a printout of Lagares, Sr.'s mugshot which had been shown to petitioner, along with a copy of petitioner's statement. The Fourth Department held that "[t]he People's notice of intention to introduce statements by defendant at trial "'was sufficient under CPL 710.30 to apprise the defendant that they would be introducing [the printout] . . . since the statements contained the sum and substance of what [the printout] indicated.'"

Arroyo, 111 A.D.3d at 1300 (citing People v Mikel, 303 A.D.2d 1031, 1031 (4th Dep't 2003), lv. denied, 100 N.Y.2d 564 (2003)).

Petitioner's main argument is grounded in state law terms. To the extent that petitioner argues that the state statute was violated because the People failed to serve a proper § 710.30 notice, that claim is not cognizable on habeas review. See McCullough v. Filion, 2012 WL 5439045, *3 (W.D.N.Y. Nov. 7, 2012) ("The gravamen of McCullough's habeas claim is that the prosecution failed to properly serve a § 710.30 notice . . . This is question of state law, and a trial court's alleged breach of a state law is not cognizable in a federal habeas proceeding.").

Although petitioner's argument focuses on state law, he also contends that the prosecution's alleged failure to serve a proper § 710.30 notice violated his due process rights under the fifth and fourteenth amendments. In order to prevail on that contention, petitioner would have to show that the resulting error was "sufficiently material to provide a basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" Long v. Donnelly, 335 F. Supp. 2d 450, 461 (S.D.N.Y. 2004) (quoting Dunnigan, 137 F.3d 117, 125 (2d Cir. 1998)). As the Fourth Department found, however, the statement admitted at trial was the one to which the § 710.30 notice referred. Because that

statement would have come into evidence in any event,[1] the admission of the statement along with a printed picture of Lagares, Sr., whom petitioner referenced in his statement, could not have risen to the level of "unduly influencing the minds of the jury." Long, 334 F. Supp. 2d at 461. Thus, petitioner has failed to demonstrate that the "admission of [the] evidence 'was an error of constitutional dimension, and . . . that constitutional error was [not] harmless beyond a reasonable doubt." Id. at 460-61 (citing Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988)).

### C. Missing Witness Charge (Ground Four)

Petitioner contends that the trial court erred in denying defense counsel's request for a missing witness charge as to Lagares, Sr. In opposing defense counsel's motion, the prosecutor argued that Lagares, Sr. could not have information relevant to a material issue because the charges involved petitioner's possession of a weapon and reckless endangerment, rather than unauthorized use of a motor vehicle. The prosecutor also pointed out that the witness was equally available for the defense to subpoena. The Fourth Department affirmed the trial court's decision to deny the request, reasoning primarily that the request for the charge was untimely. See Arroyo, 111 A.D.3d at 1300.

---

[1] Petitioner's counsel did not move for preclusion of the statement.

Ordinarily, a state trial court's jury instruction, such as a missing witness charge, is a matter of state law, and any error in connection therewith is not cognizable on habeas review. See 28 U.S.C. § 2254(a). Like the failure to give any other jury instruction, the failure to issue a missing witness instruction does not raise a constitutional issue and cannot serve as the basis for federal habeas relief unless the failure "so infected the entire trial that the resulting conviction violated due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). A trial court's failure to give a missing witness charge rarely warrants a reversal even on direct appeal. See United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994); United States v. Torres, 845 F.2d 1165, 1170-71 (2d Cir. 1988). Whether the charge is given lies in the sound discretion of the trial court. See Torres, 845 F.2d at 1171.

Petitioner has not established that Lagares, Sr. was a witness available only to the prosecution. See Klosin v. Conway, 501 F. Supp. 2d 429, 444 (W.D.N.Y. 2007) ("A missing witness charge is inappropriate when the witness in question is equally available to both sides . . ."). The prosecutor was also correct in arguing that, because petitioner was not charged with a crime related to his possession of the vehicle, Lagares, Sr.'s testimony would have been irrelevant. There was no contention that Lagares, Sr. witnessed any of the events surrounding petitioner's possession and

firing of a handgun.[2] Given these circumstances, the trial court properly rejected counsel's request for the missing witness charge. See Carr v. Graham, 2015 WL 6965247, *5 (W.D.N.Y. Nov. 10, 2015) "'[T]he party seeking the charge must make a prima facie showing[, inter alia,] that 'the uncalled witness is knowledgeable about a material issue upon which the evidence is already in the case[.']"). Accordingly, this claim is dismissed.

### D. Ineffective Assistance of Counsel (Ground Five)

Petitioner contends that he received ineffective assistance of trial counsel. He advances several reasons for the alleged ineffectiveness, claiming that (1) counsel erred in failing to object to comments made by the prosecutor on summation; (2) counsel failed to preserve petitioner's sufficiency contention by making a specific motion for a trial order of dismissal; (3) counsel failed to make an adequate pretrial suppression motion; (4) counsel should have called a forensics expert to rebut the testimony of the People's firearms examiner; and (5) counsel failed to adequately cross-examine Torres regarding his opportunity and ability to hear gunshots.

The fourth and fifth claims listed above were not raised in petitioner's motion for leave to appeal to the New York State Court

---

[2] On appeal, the Fourth Department found that Lagares, Sr.'s testimony would have been cumulative, presumably because the People's witnesses had already established the fact of Lagares, Sr.'s incarceration on the date in question. See Arroyo, 111 A.D.3d at 1300.

of Appeals. Thus, these claims are unexhausted, and because they can no longer be raised in state court, they are procedurally defaulted. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2000) ("[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.")(quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)).

As to the first three claims, the Fourth Department found that "counsel's failure to object to allegedly improper comments by the prosecutor on summation [did] not constitute ineffective assistance of counsel" because the comments "either were 'not so egregious as to deny defendant a fair trial' or did not in fact constitute prosecutorial misconduct." Arroyo, 111 A.D.3d at 1300 (citing People v Lyon, 77 A.D.3d 1338, 1339 (4th Dep't 2010), lv. denied, 15 N.Y.3d 954 (2010)). The Fourth Department further found that petitioner's remaining contentions lacked merit "because he failed to demonstrate that the motions, if made, would have been successful." Id.

The Fourth Department's findings were not unreasonable nor were they contrary to relevant federal precedent. Under Strickland v. Washington, 466 U.S. 668, 687, 695 (1984), to establish ineffective assistance of counsel, a defendant first must show that

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Id. Strickland requires the Court to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). Upon a review of the record, the Court agrees with the Fourth Department's conclusion that the prosecutor's statements at trial did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999) (qouting Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted)). Moreover, to the extent that defense counsel failed to make objections which would have been meritless under the Fourth Department's analysis, defense counsel cannot be held ineffective. See Johnson v. Conway, 2011 WL 53165, *5 (W.D.N.Y. Jan. 7, 2011). Petitioner's claim of ineffective assistance of counsel is therefore dismissed.

**VI. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the

Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    September 29, 2016
          Rochester, New York.